IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT DANIEL ALLEN, # 252342, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:18-CV-635-ECM-KFP |
| | ) | (WO) |
| LEON BOLLING, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Alabama inmate Robert Daniel Allen's pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Doc. 1.[1]

## I.    BACKGROUND

On April 16, 2014, a Lee County jury found Allen guilty of second-degree rape, in violation of § 13A-6-62, Ala. Code 1975. Doc. 28-1 at 78–79. On June 26, 2014, the trial court sentenced Allen as a habitual offender to 240 months in prison. Doc. 28-3 at 189–90. Allen appealed, arguing:

1. The State's evidence was insufficient to support his conviction; specifically, the State failed to prove he was at least two years older than the victim at the time of their sexual relations, as required by § 13A-6-62(a)(1), Ala. Code 1975.

2. The trial court erred by denying his challenge for cause of prospective juror S.K., who indicated he knew one of the State's witnesses.

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

      3.      The trial court erred by denying his motion to suppress his "custodial" statement to police because it was coerced and involuntary.

Doc. 28-5 at 14–33. On March 6, 2015, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Allen's conviction and sentence. Doc. 28-7. Allen applied for rehearing, which the Alabama Court of Criminal Appeals overruled. Allen filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on July 10, 2015. Doc. 28-8. A certificate of judgment was issued on that date. *Id.*

On June 3, 2016, Allen filed a pro se petition in the trial court seeking relief under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. 28-9 at 7. Allen's Rule 32 petition presented claims that (1) his confession to law enforcement officers was involuntary; (2) his trial counsel rendered ineffective assistance in various ways; (3) his conviction was obtained through prosecutorial misconduct; and (4) the State's evidence was insufficient to support his conviction. *Id.* at 18–49. On November 17, 2016, the State filed a response and motion for summary dismissal of the Rule 32 petition. Doc. 28-9 at 79–89. On July 26, 2017, the trial court entered an order denying Allen's Rule 32 petition. *Id.* at 113–16.

Allen appealed, asserting claims that (1) his appellate counsel rendered ineffective assistance by failing to inform him of the claims he was raising on direct appeal; (2) his trial counsel rendered ineffective assistance by failing to properly follow the rules of evidence when attempting to introduce the victim's prior inconsistent statements; and (3) the State violated his due process rights by failing to respond to his Rule 32 petition promptly. Doc. 28-10. On March 9, 2018, the Alabama Court of Criminal Appeals issued

a memorandum opinion affirming the trial court's judgment denying Allen's Rule 32 petition. Doc. 28-12. Allen did not seek rehearing or file a petition for writ of certiorari with the Alabama Supreme Court, and on May 23, 2018, the Alabama Court of Criminal Appeals issued a certificate of judgment. Docs. 28-13.

On July 5, 2018, Allen initiated this habeas action by filing this § 2254 petition. Doc. 1. In his petition, Allen claims:

1.  His trial counsel rendered ineffective assistance by failing to properly follow the rules of evidence when attempting to introduce the victim's prior inconsistent statements.

2.  The prosecution engaged in misconduct at his trial.

3.  His statement to police was coerced and involuntary.

4.  There is "newly discovered evidence" beneficial to his defense—specifically, a statement he gave to an investigator—that was not presented to the jury.

Doc. 1 at 5–6; Doc. 1-1. On September 19, 2019, Allen filed an amendment to his § 2254 petition asserting claims that the jury's opinion of him was adversely affected when (1) a State's witness testified he knew Allen as a patient in the psychiatric unit of the hospital where the witness worked and (2) his trial counsel stated to the jury that Allen had terminal cancer and was taking medication. Doc. 30. Respondents have filed an answer and supplemental answer addressing Allen's petition and his amended claims. Docs. 28, 32.

After careful review of the § 2254 petition, the parties' submissions, and the record, the undersigned recommends that Allen's petition be denied without an evidentiary hearing and that this case be dismissed with prejudice. *See* Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II.     DISCUSSION

### A.     Clams Adjudicated on Merits

#### 1.     AEDPA's Standard of Review

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief." *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. 2010). The AEDPA modified the federal courts' role in reviewing state prisoner habeas applications to prevent "federal habeas 'retrials'" and to ensure that state court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693 (2002). For claims adjudicated on the merits by the state courts and properly before the federal court, a writ of habeas corpus will be granted only if the state court decision:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" federal law under § 2254(d)(1) "if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts." *Bell*, 535 U.S. at 694. Under the "unreasonable application" standard, this court may grant a writ only if the state court identified the correct governing federal legal principle but applied that principle to the facts of a petitioner's case in an objectively unreasonable way. *See*

*Williams v. Taylor*, 529 U.S. 362, 411–13 (2000) (O'Connor, J., delivering the opinion of the Court regarding Part II). "Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). The reviewing court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter,* 562 U.S. 86, 102 (2011).

The Supreme Court has reemphasized this deferential standard, holding that "[t]he state court decision must be 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citation omitted). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011).

As for the "unreasonable determination of the facts" prong under § 2254(d)(2), the federal court "may not characterize these state-court factual determinations as unreasonable 'merely because [we] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain,* 135 S.Ct. 2269, 2277 (2015) (citation omitted). "If [r]easonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's . . . determination." *Id*.

(quotation marks and citations omitted). Factual-issue determinations made by a state court are presumed correct, and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### 2.      Allen's Statement to Police

Allen claims his statement to police, in which he admitted having sexual relations with the victim, was coerced and involuntary. Doc. 1 at 6. According to Allen, he was "in custody" when he made the statement and he was not given a *Miranda*[2] warning before making the statement. *Id*.

Allen presented this claim on direct appeal and exhausted it in the state courts. The Alabama Court of Criminal Appeals held that Allen made his statement voluntarily in a noncustodial setting, so a *Miranda* warning was not required. Doc. 28-7 at 12–15. The Court first discussed the applicable law:

> "'*Miranda* warnings are not necessarily required to be given to everyone whom the police question. *Oregon v. Mathiason*, 429 U.S. 492, 97 S. Ct. 711, 713, 50 L. Ed. 2d 714 (1977). Miranda is only applicable when an individual is subjected to custodial interrogation. *Davis v. Allsbrooks*, 778 F. 2d 168, 170 (4th Cir. 1985); *Primm v. State*, 473 So. 2d 1149, 1158 (Ala. Crim. App.), cert. denied, 473 So. 2d 1149 (Ala.1985). "By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in a significant way." *Miranda[v. Arizona*], 384 U.S. [436,] 444 [(1966)].

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

> "'There is a distinction which must be made between general interrogation and custodial interrogation since *Miranda* is inapplicable when interrogation is merely investigative rather than accusative. *Kelley v. State*, 366 So. 2d 1145, 1148 (Ala. Crim. App. 1979); *Primm, supra*, at 1158; *Johnston v. State*, 455 So. 2d 152, 156 (Ala. Crim. App.), cert. denied, 455 So. 2d 152 (Ala. 1984). This distinction should be made on a case-by-case basis after examining all of the surrounding circumstances. *United States v. Miller*, 587 F. Supp. 1296, 1299 (W. D. Pa. 1984); *Johnston, supra*, at 156; *Warrick v. State*, 460 So. 2d 320, 323 (Ala. Crim. App. 1984); *Hall v. State*, 399 So. 2d 348, 351–52 (Ala. Crim. App. 1981); *Kelley, supra* at 1149.'

> "*Hooks v. State*, 534 So. 2d 329, 347–48 (Ala. Crim. App. 1987). *See State v. Smith*, 715 So. 2d 925 (Ala. Crim. App. 1998)."

*Powell v. State*, 796 So. 2d 404, 412 (Ala. Crim. App. 1999). In determining whether Allen underwent a custodial interrogation, the factors to be considered include:

> "'''(1) the language used to summon the individual, (2) the extent to which the defendant is confronted with evidence of guilt, (3) the physical surroundings of the interrogation, (4) the duration of the detention, and (5) the degree of pressure applied to detain the individual. *United States v. Crisco*, 725 F.2d 1228, 1231 (9th Cir.), cert. denied, 466 U.S. 977, 104 S. Ct. 2360, 80 L. Ed. 2d 832 (1984). . . .'''

> "*Hooks v. State*, 534 So. 2d at 348 (some citations omitted), quoting *United States v. Wauneka*, 770 F.2d 1434, 1438 (9th Cir. 1985). *See also State v. Smith*, 715 So. 2d 925, 927 (Ala. Crim. App. 1998)."

*Powell*, 796 So. 2d at 412.

Doc. 28-7 at 12–14.  The Court then considered the circumstances under which Allen made

his statement:

> During trial, Jamie Hartford [a friend of both Allen and the victim, R.R.]
> testified that he confronted Allen about what had happened between Allen
> and R.R. and that Allen had stated that he had had sexual intercourse with
> R.R. Hartford thereafter drove Allen to the Auburn City police department.
> Officer [Andrew] Odom was made aware that someone needed to talk to a
> police officer. While at the department, Allen approached Odom and stated
> that [he] would like to speak with him in private, so Odom took Allen to the
> "duty office." Odom did not know what Allen needed to talk about with him.
> Allen thereafter explained that "[Allen] and his boss's daughter . . . got too
> close." After Odom asked Allen to clarify what "too close" meant, Allen
> stated, "sexual intercourse." At that time, Allen was not under arrest or
> placed in handcuffs. Because the encounter had happened outside the
> jurisdiction of the Auburn City police, Officer Odom left Allen with Officer
> [Clint] Anderson while Odom spoke with his supervisor. Officer Anderson
> testified that without having initiated any conversation, Allen made a
> statement that "he had . . . had sex with a [. . .]-year-old" and that "it was his
> boss's daughter." Anderson testified that at that time, he advised Allen of his
> *Miranda* warning because "I realized that he was admitting to a crime . . .
> you know, [Allen] has rights like anybody else, so I thought it was
> important." Anderson testified that Allen indicated that he understood his
> rights. Anderson testified that he did not ask Allen any questions but that
> "[Allen] continued to talk about it, stating that he wanted to do the right thing
> and he—you know, he talked about the act."

Doc. 28-7 at 14–15. Based on these facts, the Alabama Court of Criminal Appeals held:

> Given the above, Allen voluntarily made a statement to law enforcement
> during the investigative process. *Kelley, supra*; *see also Miranda v. Arizona*,
> 384 U.S. 436, 478, 86 S. Ct. 1602, 1630 (1966) ("Volunteered statements of
> any kind are not barred by the Fifth Amendment."). Accordingly, Allen was
> not entitled to be advised of his *Miranda* rights, and the circuit court did not
> abuse it discretion when it admitted Allen's statement into evidence.

Doc. 28-7 at 15.

Although Allen insists he was "in custody" when he made his statement (Doc. 1 at

5), he fails to present clear and convincing evidence rebutting the state court's factual

determinations to the contrary. Considering (1) the circumstances that brought Allen to the police department (i.e., at the behest of his friend, Hartford); (2) the absence of pressure by the police for Allen to make a statement; (3) the fact that law enforcement did not confront Allen with evidence of his guilt before he made the statement; and (4) the voluntary manner in which Allen made the statement, the record supports the state court's conclusion that Allen's statement was not made during a custodial interrogation. Therefore, a *Miranda* warning was not required for Allen's statement to be admissible. Allen fails to show that the Alabama Court of Criminal Appeals' adjudication resulted in a decision that was "contrary to or involved an unreasonable application of clearly established Federal law, as determined by the United States Supreme Court, or . . . [was] based on an unreasonable determination of the facts in light of the evidence presented in state court." *See Dunn v. Madison*, 138 S. Ct. 9, 11 (2017). Consequently, Allen is not entitled to habeas relief on this claim.[3]

### B.   Procedurally Defaulted Claims in § 2254 Petition

#### 1.   Exhaustion

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). Before a § 2254 petitioner may obtain federal

---

[3] The Alabama Court of Criminal Appeals further found that, even if Allen initially made an un-Mirandized statement during a custodial interrogation, he repeated the statement after being Mirandized, so there was no error in the admission of his statement at trial. Doc. 28-7 at 15. Allen makes no argument and points to no evidence that his initial un-Mirandized statement rendered his subsequent Mirandized statement involuntary.

habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised. *See* 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala. R. App. P. 39 & 40. The exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas." *Coleman*, 501 U.S. at 735 n.1 (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

### 2.      Adequate and Independent State Grounds

Federal habeas review may also be unavailable for claims that a state appellate court has rejected on state procedural grounds. *Coleman*, 501 U.S. at 722. When a state prisoner fails to follow state procedural rules, thereby procedurally defaulting on a claim, the authority of federal courts to review the prisoner's state court criminal conviction is "severely restricted." *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991). "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *see Marek v. Singletary*, 62 F.3d 1295, 1301–02 (11th Cir. 1995).

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

### 3.      Exceptions to Procedural Default

A habeas petitioner can overcome a procedural default either by showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995). Cause for a procedural

default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). Examples of such external impediments include a factual or legal basis for a claim not reasonably available, interference with the defense by government officials, or constitutionally ineffective assistance of counsel. *Murray,* 477 U.S. at 488. To establish prejudice, a petitioner must show that the errors worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Id.* at 494 (internal quotations and emphasis omitted).

### 4.    Allen's Ineffective Assistance of Counsel Claim is Defaulted.

Allen claims his trial counsel rendered ineffective assistance by failing to properly follow the rules of evidence when attempting to introduce the victim's prior inconsistent statements. Doc. 1 at 5. Respondents correctly argue this claim is unexhausted and procedurally defaulted. Doc. 28 at 3-4.

Allen presented this claim of ineffective assistance of counsel in his Rule 32 petition (Doc. 28-9 at 33), and he pursued it on appeal from the trial court's denial of the Rule 32 petition (Doc. 28-10 at 18–19). The Alabama Court of Criminal Appeals held that Allen failed to allege any facts that, if true, would establish he was prejudiced by his counsel's allegedly deficient performance. Doc. 28-12 at 5–8. However, Allen did not file an application for rehearing with the Alabama Court of Criminal Appeals or a petition for writ of certiorari with the Alabama Supreme Court. Therefore, Allen failed to exhaust this claim in the state courts by subjecting it to a complete round of the State's established appellate

review process. *O'Sullivan*, 526 U.S. at 845; *see Smith*, 256 F.3d at 1140–41; *Pruitt*, 348 F.3d at 1359.

Respondents correctly argue that Allen may not return to the state courts to exhaust this claim because it is too late to apply for rehearing or seek certiorari review in his Rule 32 appeal, and any attempt to present the claim in another Rule 32 petition (where a claim of this nature would ordinarily be properly raised) would be time-barred under the one-year limitation period in Ala. R. Crim. P. 32.2(c) and precluded by the successive-petition bar in Ala. R .Crim. P. 32.2(b). Thus, the exhaustion and preclusion rules coalesce into the procedural default of this claim. *See Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891. Although allowed a chance to do so, Allen does not assert any ground as cause excusing his procedural default of this claim. Consequently, the "cause and prejudice" exception does not apply to excuse his procedural default.

In a supplement to his § 2254 petition, Allen suggests that his actual innocence is a gateway to review of his defaulted claim. Doc. 22 at 3–4. Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327.

The standard exacted by the Supreme Court in *Schlup* "is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir.

2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). In *Schlup*, the Supreme Court stated:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Here, Allen points to no new reliable evidence, as required by *Schlup*, to support a claim of actual innocence. Instead, he references evidence adduced at trial and presented to the jury, which ultimately convicted him. Allen's reference solely to testimony presented at trial—and to no further evidence—concerns matters that definitionally do not constitute "new evidence." Allen argues only that certain trial evidence should be understood in a different light because of alleged inconsistencies in the victim's testimony. Essentially, he merely reargues the weight that should have been afforded the State's evidence. Such an argument, predicated on Allen's interpretation of the import of the evidence presented at trial, will not sustain a claim of actual innocence. *See Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that claim of actual innocence must be supported by "reliable evidence not presented at trial"); *Rozzelle v. Sec'y, Florida Dep't of Corr.,* 672 F.3d 1000, 1017–18 (11th Cir. 2012) (evidence is not considered "new" when the jury heard the substance of virtually all such evidence); *Rutledge v. Neilsen*, No. 2:10-CV-242, 2012 WL 3778987, at *7 (M.D. Ala. Jul. 30, 2012) (allegations going to sufficiency or

14

weight afforded the evidence do not constitute "new reliable evidence" regarding petitioner's actual innocence).

Allen fails to satisfy the actual-innocence exception to procedural default articulated in *Schlup*. Because he does not make a colorable claim of actual innocence, Allen's claim of ineffective assistance of counsel is not subject to federal habeas review.

### 5.      Allen's "Newly Discovered Evidence" Claim is Defaulted.

Allen presents a claim, labeled as "newly discovered evidence," concerning a statement he says he made to an investigator that was not presented to the jury. Doc. 1 at 6; Doc. 1-1 at 7. According to Allen:

> The County picked me up from the City and I then talked to Investigator Bonham who was supposed to testify in my trial but never did. I gave a statement to Inv. Bonham and was released. This statement was never given to the jury nor did Inv. Bonham ever testify when she was on the list of witnesses to testify.

Doc. 1 at 6. Respondents correctly argue that Allen's claim is unexhausted because it has never been presented to the Alabama courts. Doc. 28 at 5. Any attempt by Allen to return to state court to litigate and exhaust the claim would be barred by the State's procedural rules.[4] The exhaustion and preclusion rules merge into the procedural default of this claim. *Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891.

Allen asserts no ground as cause excusing his procedural default of this claim. Consequently, the "cause and prejudice" exception does not apply to excuse his procedural

---

[4] Allen's characterization of this claim as "newly discovered evidence" is unavailing. The facts Allen points to in making this claim were known to him at the time of trial and therefore do not amount to "new" evidence. *See Rozzelle v. Sec'y, Florida Dep't of Corr,* 672 F.3d 1000, 1016–19 (11th Cir. 2012).

default. As noted above, Allen's actual-innocence claim is also unavailing as a gateway to review his defaulted claims. Therefore, Allen's newly discovered evidence claim is procedurally barred from federal habeas review.

### 6. Allen's Prosecutorial Misconduct Claim is Defaulted.

Allen claims the prosecution engaged in misconduct during his trial. Doc. 1 at 5. According to Allen, the prosecutor, when arguing to the jury, "misquoted" him several times and told the jury he "said things that I never said." *Id*. Allen also claims the prosecutor improperly allowed the jury to know he had been in a psychiatric ward. *Id*.

Allen's claim of prosecutorial misconduct was presented in his Rule 32 petition (Doc. 28-9 at 45–46) but was not raised on appeal of the denial of that petition (Doc. 28-10). In its memorandum opinion affirming the denial of Allen's Rule 32 petition, the Alabama Court of Criminal Appeals found this claim was abandoned and thus procedurally barred for purposes of review because it had not been pursued on appeal. Doc. 28-12 at 3. The state court's application of this procedural bar constituted an adequate and independent state procedural ground for denying relief. *Harris*, 489 U.S. at 264 n.10. This procedural bar is firmly established and regularly followed by Alabama appellate courts.[5] *See, e.g., Brownlee v. State*, 666 So. 2d 91, 93 (Ala. Crim. App. 1995); *Burks v. States*, 600 So. 2d 374, 380 (Ala. Crim. App. 1991). Consequently, Allen's prosecutorial misconduct claim is procedurally defaulted. *See Collier v. Jones*, 910 F.2d 770, 773 (11th Cir. 1990) (claims

---

[5] In order to bar federal review, the state procedural bar must have been "firmly established and regularly followed" at the time of the alleged default. *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

raised during the state postconviction process that are not appealed are barred from federal habeas corpus review).

Allen sets forth no grounds as cause excusing his procedural default. He fails to demonstrate his actual innocence as a gateway for review of this defaulted claim. Because Allen fails to demonstrate "cause" or his actual innocence to excuse his procedural default, his prosecutorial misconduct claim is foreclosed from federal habeas review.

### C.     Claims in Allen's September 2019 Amendment

On September 19, 2019, Allen filed an amendment to his § 2254 petition claiming that the jury's opinion of him was adversely affected when (1) a State's witness testified he knew Allen as a patient in the psychiatric unit of the hospital where the witness worked and (2) his trial counsel stated to the jury that Allen had terminal cancer and was taking medication. Doc. 30.

Allen's claim that he was prejudiced when a State's witness testified that he knew Allen as a patient in a hospital psychiatric unit is related to the prosecutorial misconduct claim in Allen's § 2254 petition. It is one of the several grounds upon which Allen argues that the prosecution engaged in misconduct at his trial. As discussed above, Allen's prosecutorial misconduct claim is procedurally defaulted because the Alabama Court of Criminal Appeals found he abandoned the claim by failing to pursue it in his Rule 32 appeal. For the same reason, then, Allen's specific claim in his September 2019 amendment regarding the prosecution's eliciting testimony that he was a patient in a hospital psychiatric unit is procedurally defaulted. Allen has not demonstrated cause for this

procedural default, and he has not shown he is actually innocent. Therefore, the claim is not subject to federal habeas review.[6]

As to Allen's claim that the jury's opinion of him was adversely affected when his trial counsel made statements to the jury that Allen had terminal cancer and was taking medication (Doc. 30), the claim was never presented to the state courts and was presented for the first time in Allen's September 2019 amendment. Therefore, Allen failed to exhaust this claim in the state courts by subjecting it to a complete round of the State's established appellate review process. *O'Sullivan*, 526 U.S. at 845. Allen cannot return to the state courts to exhaust the claim. The claim is therefore defaulted. He has not demonstrated cause for this default, and he has not shown he is actually innocent. Therefore, the claim is not subject to federal habeas review.

Allen's claim regarding his trial counsel's statements to the jury that Allen had terminal cancer and was taking medication is also time-barred under AEDPA's one-year limitation period, as set out in 28 U.S.C. § 2244(d).[7] Allen applied for rehearing in the

___

[6] Even if Allen's specific claim in his amendment regarding the prosecution's eliciting testimony that he was a patient in a hospital psychiatric unit was not part of the prosecutorial misconduct claim in his Rule 32 petition (and thus could not have been "abandoned" in his Rule 32 appeal), the claim is unexhausted and procedurally defaulted. If the claim was not presented in Allen's Rule 32 petition (or in his direct appeal), it was not exhausted in the state courts. Also, after the Alabama Court of Criminal Appeals affirmed the trial court's denial of Allen's Rule 32 petition, Allen filed no application for rehearing with that court and did not file a petition for writ of certiorari with the Alabama Supreme Court. Therefore, Allen failed to exhaust this claim in the state courts by subjecting it to a complete round of the State's established appellate review process. *O'Sullivan*, 526 U.S. at 845; *see Smith*, 256 F.3d at 1140–41; *Pruitt*, 348 F.3d at 1359. Allen cannot return to the state courts to exhaust the claim. Allen has not demonstrated cause for any procedural default, and he has not shown he is actually innocent. Therefore, even if the Alabama Court of Criminal Appeals did not deny relief on this specific claim based on an adequate and independent state ground, the claim is not subject to federal habeas review because it is unexhausted and defaulted.
[7] Section 2244(d)(1) provides that a one-year period of limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court and that it runs from the

Alabama Court of Criminal Appeals after that court affirmed his conviction on direct appeal. Thereafter, he filed a petition for writ of certiorari in the Alabama Supreme Court. The Alabama Supreme Court denied the petition for writ of certiorari on July 10, 2015, and issued a certificate of judgment on that date. Allen was allowed 90 days after the state court's issuance of a certificate of judgment to seek certiorari review in the United States Supreme Court. *See Stafford v. Thompson*, 328 F.3d 1302, 1303 (11th Cir. 2003). Allen filed no petition for writ of certiorari in the United States Supreme Court. Therefore, for purposes of AEDPA, his judgment of conviction became final on October 8, 2015 (i.e., 90 days after July 10, 2015). The one-year federal limitation period began to run on that date. *See* 28 U.S.C. § 2244(a)(1)(A).

The federal limitation period ran for 239 days, until June 3, 2016, the date on which Allen filed a Rule 32 petition in the state trial court. On that date, the limitation period was tolled under 28 U.S.C. § 2244(d)(2). The limitation period remained tolled until May 23, 2018, the date on which the Alabama Court of Criminal Appeals issued a certificate of judgment in Allen's Rule 32 appeal. With the completion of the Rule 32 proceedings, the limitation period began to run again, with 126 days (365 days - 239 days) remaining on the

---

latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date the on which constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

federal clock. With no other tolling events occurring, Allen had until September 26, 2018, to file a timely § 2254 petition. Allen filed his § 2254 petition on July 5, 2018. Therefore, it was timely filed within AEDPA's limitation period. However, Allen filed the amendment to his § 2254 petition on September 19, 2019, over 11 months after AEDPA's limitation period expired.

The Federal Rules of Civil Procedure provide for the relation back of amendments filed after the running of a period of limitation in certain circumstances. Rule 15(c) of the Federal Rules of Civil Procedure provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *See* Fed. R. Civ. P. 15(c)(2). "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). In order to relate back, the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Davenport*, 217 F.3d at 1344 (citations omitted).

Allen's claim regarding his trial counsel's statements to the jury that he had terminal cancer does not arise from the same set of facts for any claim in his § 2254 petition. Therefore, the claim does not relate back to his timely claims, and it is time-barred.[8]

---

[8] Not only is Allen's claim that he was prejudiced by his trial counsel's statements to the jury that he had terminal cancer procedurally defaulted and time-barred, it is facially without merit. The record reflects that Allen's counsel made the statements in arguing to the jury that Allen had physical infirmities that would have prevented him from having sexual relations with the victim. Counsel's statements were not prejudicial to Allen, but rather were beneficial to his defense.

## III.    CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED without an evidentiary hearing and that the case be DISMISSED with prejudice. It is further

ORDERED that on or before **April 28, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 14th day of April, 2021.


/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE