IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROBERT DANIEL ALLEN, #252342, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 3:18-cv-635-ECM |
| ) | (WO) |
| LEON BOLLING, *et al*., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Report and Recommendation of the Magistrate Judge (doc. 37) which recommends that this habeas petition be dismissed with prejudice. On April 30, 2021, the Petitioner filed Objections to the Recommendation (doc. 42), a request for the appointment of counsel, and a motion for an evidentiary hearing. (*Id*.). He also asserted for the first time that he needed "a complete copy of the state court record . . . so that he can make proper objections to the Magistrate's Report and Recommendation." (*Id*. at 4).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). *See also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). "[A] party that

wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) (alteration added).

The Court has carefully reviewed the Recommendation of the Magistrate Judge, and the Petitioner's objections. The Petitioner objects to the dismissal of his petition without any specificity and without stating the bases for his objections. He offers only his conclusory assertion that he needs "a complete copy of the state court record" to properly object but he does not point to any legal error committed by the Magistrate Judge. *See* Doc. 42.

Prior to entry of the Report and Recommendation, the Plaintiff did not file a motion seeking the state court record, nor did he file any motion indicating he had not received the State's responses to his petition. In fact, after the State filed its response to his petition, (doc. 28), on March 1, 2019, the Petitioner filed an amended petition on September 20, 2019. (Doc. 30). The State filed a response to the amended petition on October 11, 2019, (doc. 32), to which the Petitioner responded on October 11, 2019, (doc. 34). At no time prior to the entry of the Report and Recommendation did the Petitioner seek the documents. The Petitioner filed a request for production of documents on April 21, 2021 (doc. 38) which was denied by the Court because the Petitioner did not "show that the requested documents [would] assist in the disposition of this case." (Doc. 41). The Petitioner makes only his conclusory assertion that he cannot make objections without the record but he fails to raise any specific objection to the Recommendation of the Magistrate Judge. Thus, the

Recommendation is reviewed for clear error, and the Court finds that the Petitioner's objections are due to be overruled.

The Petitioner also requests an evidentiary hearing. (Docs. 42 and 43). !"An evidentiary hearing may be necessary where the material facts are in dispute, but a petitioner is not entitled to an evidentiary hearing when his claims are merely conclusory allegations unsupported by specifics." *San Martin v. McNeil*, 633 F.3d 1257, 1271 (11th Cir. 2011) (quoting *Pugh v. Smith,* 465 F.3d 1295, 1300 (11th Cir. 2006) (internal quotation marks, citation, and alterations omitted)).  Thus, the Court concludes that under the circumstances of this case, an evidentiary hearing is unnecessary.

Finally, the Petitioner filed a motion seeking the appointment of counsel, (doc. 42), a motion to reconsider the appointment of counsel, (doc. 44), and a motion to delete unexhausted claims (doc. 45).  These motions are due to be denied.

Accordingly, for the reasons as stated and for good cause, it is

ORDERED as follows:

1.    the Petitioner's objections (doc. 42) are OVERRULED;

2.    the Recommendation of the Magistrate Judge (doc. 37) is ADOPTED;

3.    the Petitioner's motions for an evidentiary hearing (doc. 42 and 43) are DENIED;

4.    the Petitioner's motions for the appointment of counsel (doc. 42), motion to reconsider the appointment of counsel (doc. 44) and motion to delete unexhausted claims (doc. 45) are DENIED; and

5.     this case is DISMISSED with prejudice.

A final judgment will be entered.

DONE this 13th day of September, 2021.

      /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE